RHODESIA MFG. CO. v. TOMBACHER et al.

(Supreme Court, Appellate Term. May 18, 1911.)

1. SALES (§ 273*)—IMPLIED WARRANTY—FITNESS FOR PURPOSE INTENDED.

A manufacturer, who sells rolls of cloth with knowledge that the goods are to be used in the making of clothes, impliedly warrants their availability for that purpose.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

2. CUSTOMS AND USAGES (§ 15*)—SCOPE AND EFFECT IN GENERAL.

An established custom of the clothing trade to send cloth purchased from a manufacturer immediately on receipt to a sponger, by whom they are examined and notice of defects, if any, given both to the buyer and the seller, is competent evidence in an action by the seller to recover the purchase price of such goods.

[Ed. Note.—For other cases, see Customs and Usages, Dec. Dig. § 15.*]

3. SALES (§ 178*)—PERFORMANCE OF CONTRACT—ACTS NOT CONSTITUTING ACCEPTANCE.

Where the buyer of cloth to be used in the making of clothes sends same immediately on receipt to a sponger, who notifies both the buyer and the seller of a defect, and where the goods remain at the sponger's at the risk of the seller, and six months afterwards the buyer had them examined by another sponger, who also reported a defect, no acceptance of the goods was shown.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. § 178.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Rhodesia Manufacturing Company against Simon Tombacher and another. From a judgment for plaintiff, rendered in the Municipal Court of the City of New York, after trial before a judge without a jury, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Freyer, Hyman & Jarmulowsky (Adolph Freyer and Maurice Hyman, of counsel), for appellants.

Crane & Baer (S. Clinton Baer, of counsel), for respondent.

BIJUR, J.  This action was brought to recover the balance of the purchase price of certain rolls of cloth; defendants having accepted and paid for about one-half of them.

[1] It was proved that the plaintiffs, manufacturers, were aware of the purpose for which the goods were to be used, namely, the making of clothes.  There was, therefore, an implied warranty of their availability for that purpose.  Bierman v. City Mills Co., 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635.  The question most seriously litigated was plainly the quality of the goods, and on this point the testimony on defendants' behalf as to the goods being what is known as "shaded," namely, not of sufficiently even color to be used, was clear and convincing—indeed, well-nigh uncontradicted.

[2, 3] The only remaining question was that of acceptance.  Defendants showed sufficiently an established custom in the trade to send goods of this kind immediately on receipt to a sponger, by whom they were examined; if then found "shaded," it is the custom for the sponger to notify both the vendor and vendee of the defect.  It is clearly shown in the case at bar that this was done.  The vendors sent their "adjuster," in the customary endeavor to settle the difficulty, but without avail.  The goods remained at the sponger's at the risk of the plaintiff, which persisted in its refusal to admit that the goods were "shaded."  Six months afterwards, for further assurance, the defendants had them examined by another sponger, whose testimony confirms that of the first.  It is plain that there was no acceptance.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.  All concur.